UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Western Division

| | |
|---|---|
| EXCELSIOR PRINTING COMPANY, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   Civil Action No. |
| MATTHEW INMAN | ) |
| and | ) |
| PAPYRUS-RECYCLED | ) |
| GREETINGS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Excelsior Printing Company ("Excelsior" or "Plaintiff"), by its attorneys, Cohen Kinne Valicenti & Cook LLP, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for damages and injunctive relief based upon the sale of products under a brand name "The Oatmeal" by the defendants Matthew Inman and Papyrus-Recycled Greetings, Inc. (collectively "Defendants") that is confusingly similar to Plaintiff's registered trademark Oatmeal Studios®.  Defendants have willfully infringed Plaintiffs' trademark rights in violation of federal trademark law.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1338 because this case arises under the Lanham Act, 15 U.S.C. § 1051, et seq., for trademark infringement.

3.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332, because the

41220

parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over each of the Defendants because they:

(a) transact business in this Commonwealth;

(b) contracted to supply services or things in this Commonwealth;

(c) caused tortious injury by an act or omission in this Commonwealth; and/or

(d ) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered, in this Commonwealth and have caused tortious injury in this Commonwealth by an act or omission outside this Commonwealth.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

6.      Excelsior is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 60 Roberts Drive North Adams, MA 01247.  Excelsior sells greeting cards and related products sold under the trademark Oatmeal Studios®.

7.      Upon information and belief, Defendant Matthew Inman ("Inman") is an individual residing in Seattle, Washington.

8.      Upon information and belief, Defendant Papyrus-Recycled Greetings, Inc. ("Recycled Greetings") is a corporation organized under the laws of the State of Illinois , with a principal place of business at 111 N. Canal, Suite 700 Chicago, Illinois 60606.

9.      Upon information and belief, Defendants Inman and Recycled Greetings (collectively "Defendants") acted in concert at all relevant times in connection with the activities

that are the subject of this action.

## FACTUAL BACKGROUND

### Plaintiff's Business

10.    In January 2011, Excelsior purchased Oatmeal Studios, Inc., a company that has produced an extensive line of greeting cards and related products sold under the trademark Oatmeal Studios® (the "Mark") for more than thirty-five years.

11.    Excelsior is the owner of the Mark, which is federally registered on the Principal Register in the United States Patent and Trademark Office ("USPTO"), Reg. No. 2913017.

12.    Since acquiring Oatmeal Studios, Inc., Excelsior has continued its business and the use of the Mark.

13.    Excelsior commonly uses the Mark to advertise its products in the United States.

14.    Excelsior advertises its products bearing the Mark heavily on the Internet and elsewhere.  Excelsior and its predecessor have expended great time and effort in the development, promotion and marketing of its products under the Oatmeal Studios® trademark.

15.    Oatmeal Studios® brand products are sold throughout the United States in major retail stores and on the Internet.

16.    In connection with the marketing of the Oatmeal Studios® brand products, Excelsior has a promotional website, http://oatmealstudios.com where consumers may view its products.

17.    Through Excelsior and its predecessor's extensive efforts, as well as the products' quality and overwhelming customer satisfaction, the Oatmeal Studios® brand has become highly successful and well known.

18.    Excelsior has extensively and exclusively used the Mark throughout the United States.  Through such use, the Mark has become distinctively connected with Excelsior.

41220

3

19.     As a result of this effort, goodwill and the expanding reputation of the Oatmeal Studios® brand, customers and others in the marketplace recognize Oatmeal Studios® as an indication of the high quality of products offered by Excelsior.

20.     In view of Excelsior's and/or its predecessor's long-standing use, substantial sales, and wide-spread marketing and promotional efforts of the Mark, the Mark has become famous and distinctive, being associated exclusively with products provided by or authorized by Excelsior.

**Defendants' Competing Businesses**

21.     Upon information and belief, Defendants have acted in concert to develop, produce and sell various products under the brand name "The Oatmeal" (the "Infringing Products").

22.     Upon information and belief, Defendant Inman operates an interactive commercial website with the URL:  http://www.theoatmeal.com (the "Infringing Website").

23.     The Infringing Website contains an online store located at http://shop.theoatmeal.com/ where consumers may purchase various Infringing Products including greeting cards, boxed cards and other novelty items.

24.     Upon information and belief, Defendant Recycled Greetings produces and distributes the Infringing Products sold at the Infringing Website.

25.     Upon information and belief, Defendants use the Infringing Website to solicit business in Massachusetts and to effect commercial transactions with customers, including customers in Massachusetts.

26.     Upon information and belief, Defendant Recycled Greetings or its affiliates, operate a chain of retail stores called, "Papyrus", which exists throughout the United States and internationally, including in Massachusetts.

27.     Upon information and belief, Papyrus sells Infringing Products.

28.     Upon information and belief, Defendants have placed the Infringing Product into the stream of commerce and intended to serve customers in the Commonwealth of Massachusetts.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

29.     Excelsior repeats and incorporates the foregoing allegations as if fully set forth herein.

30.     Excelsior is the rightful owner of the Mark.

31.     Without authorization from Excelsior, upon information and belief, Defendants have used and continue to use as a trademark "The Oatmeal".

32.     "The Oatmeal" is substantially similar to Excelsior's Mark.

33.     The products offered by Defendants bearing "The Oatmeal" mark are substantially similar or related to those products offered and sold by Excelsior.

34.     Defendants' use of the "The Oatmeal" as a trademark may lead consumers in relevant markets to believe that Defendants' businesses are related to or associated with Excelsior.

35.     Defendants' use of a mark that is confusingly similar to Excelsior's Mark constitutes a reproduction, copying, counterfeiting, and colorable imitation of Excelsior's Mark in a manner that is likely to cause confusion, mistake, or is likely to deceive consumers.

36.     By using a mark that is likely to cause confusion, mistake and/or deception as to source, sponsorship or affiliation, Defendants' past, present and ongoing actions constitute trademark infringement of Plaintiff's rights, subjecting Defendants to liability under 15 U.S.C. § 1114.

**WHEREFORE**, Excelsior demands judgment as follows:

1.  Defendants, as well as all their agents, representatives, employees, assigns and all

persons acting in concert or privity with them, are permanently enjoined from maintaining, using, disseminating, reproducing, promoting, distributing or otherwise using the mark "The Oatmeal", or any mark confusingly similar thereto, as all or part of any mark, design, or trade name;

2.  Defendants, as well as all their agents, representatives, employees, assigns and all persons acting in concert or privity with them, are permanently enjoined from using "The Oatmeal" in association with products or services in the same or similar channels of trade as Excelsior's products or services;

3.  An award of damages, including interest, sustained by Excelsior as a result of the wrongful acts of Defendant; Defendants' actions have been knowing, deliberate, willful, and intended to cause mistake or deceive, and in disregard of Excelsior's rights;

4.  Defendants shall pay to Excelsior any damages attributable to its infringement of Excelsior's Mark and Defendants shall account for all gains, profits, and advantages derived through said infringement, and such damages authorized by law, including 15 U.S.C. § 1117, including an accounting for any period not directly covered by a verdict in Excelsior's favor;

5.  An increase and/or trebling of damages pursuant to 15 U.S.C. § 1117(a), or any other applicable or statutory or common law basis;

6.  An award of reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1117, or any other applicable or statutory or common law basis; and

7.  The costs of this action, reasonable attorneys' fees and such other and further relief as this Court may find to be just.

41220

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.


Dated:  November 20, 2012


                                               Respectfully submitted,

                                               EXCELSIOR PRINTING COMPANY

                                               By Its Attorneys,


                                             */s/Christopher M. Hennessey*
                                             David Valicenti, Esq. (BBO# 632980)
                                             Christopher M. Hennessey, Esq. (BBO# 654680)
                                             COHEN KINNE VALICENTI & COOK, LLP
                                             28 North Street, 3rd Floor
                                           Pittsfield, MA  01201
                                           Telephone (413) 443-9399
                                           Facsimile (413) 442-9399

41220